# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SABRINA ASQUITH<br>8460 Limekiln Pike (1120-1)<br>Wyncote, PA 19095<br><br>                Plaintiff,<br><br>   v.<br><br>LAWNDALE I, LP<br>44 South Bayles Avenue<br>Port Washington, NY 11050<br><br>And<br><br>LAWNDALE II, LP<br>44 South Bayles Avenue<br>Port Washington, NY 11050<br><br>And<br><br>CEDAR REALTY TRUST, INC.<br>44 South Bayles Avenue<br>Port Washington, NY 11050<br><br>                Defendants. | CIVIL ACTION<br><br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION – COMPLAINT

## THE PARTIES

1. Plaintiff Sabrina Asquith is an adult who is a citizen of the Commonwealth of Pennsylvania and resides at the address listed in the caption of this Complaint.

2. Defendant Lawndale I, LP is a business entity formed and existing under the laws of Delaware with its principal place of business located at the address shown in the caption.

3. Defendant Lawndale II, LP is a business entity formed and existing under the laws of Delaware with its principal place of business located at the address shown in the caption.

4. Defendant Cedar Realty Trust, Inc. is incorporated and existing under the laws of Maryland with its principal place of business located at the address shown in the caption.

5. Defendant Lawndale I, LP is a business entity doing business in the Commonwealth of Pennsylvania, and was, at all times material hereto, the owner, operator, possessor, lessor, lessee, and/or was otherwise responsible for designing, constructing, maintaining, and for the safety of the Lawndale Plaza shopping center located at or near 6301 Oxford Avenue, Philadelphia, Pennsylvania 19111.

6. Defendant Lawndale II, LP is a business entity doing business in the Commonwealth of Pennsylvania, and was, at all times material hereto, the owner, operator, possessor, lessor, lessee, and/or was otherwise responsible for designing, constructing, maintaining, and the safety of the Lawndale Plaza shopping center.

7. Defendant Cedar Realty Trust, Inc. is a business entity doing business in the Commonwealth of Pennsylvania, and was, at all times material hereto, the owner, operator, possessor, lessor, lessee, and/or was otherwise responsible for designing, constructing, maintaining, and the safety of the Lawndale Plaza shopping center.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, which confers jurisdiction over disputes between citizens of different states when the amount in controversy exceeds $75,000.00.

9. Plaintiff is a citizen of Pennsylvania, Defendant Lawndale I, LP and Defendant Lawndale II, LP are business entities formed and existing in Delaware, Defendant Cedar Realty Trust, Inc. is incorporated in Maryland, and the principal place of business for all Defendants is in New York.

10. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because this case arises out of events that occurred in Philadelphia, Pennsylvania which is within the geographic boundaries of his Court.

**FACTS**

12. On or about March 10, 2021, Defendants owned, operated, managed and/or controlled the premises – the Lawndale Plaza shopping center - located at or near 6301 Oxford Avenue, Philadelphia, Pennsylvania 19111.

13. On or about March 10, 2021, Defendants were responsible for the maintenance, repair and/or general upkeep of the premises, including the safety of the staircase in the parking lot.

14. On or about March 10, 2021, Plaintiff was a business invitee of the Lawndale Plaza shopping center, intending to go to the MetroPCS® store to pay her cellphone service invoice.

15. Plaintiff parked the vehicle she was driving in the lot in front of the ShopRite® supermarket in the Lawndale Plaza shopping center.

16. Next, Plaintiff attempted to descend the staircase from the upper-level of the lot to the lower-level where the MetroPCS is located when she tripped and fell due to a dangerous and defective condition, namely, risers of varying heights.

17. The improperly designed and/or maintained staircase caused Plaintiff to fall and sustain serious and permanent injuries, including a cortical avulsion fracture in her right foot, sprains and partial tears of the Anterior Talofibular Ligaments (AFTL), sprain of the right and left Achilles tendon, partial tear of the right Achilles tendon bilateral hand injuries, Sacroiliac

Joint pain, impeded mobility and gait, lumbar strain, left median neuropathy distal to the wrist, and dizziness after striking her head during the fall.

## COUNT I – NEGLIGENCE
## PLAINTIFFS v. ALL DEFENDANTS

18. Plaintiff repeats and incorporates by reference the preceding paragraphs of this Complaint as though set forth fully at length herein.

19. At all relevant times, Defendants had a duty to either make safe dangerous conditions or warn those on the property about the same.

20. Defendants knew or should have known that that a defect existed on the property.

21. The incident was caused by the negligence of the Defendants in failing to properly maintain the premises whose negligence consisted of the following:

    (a) creating the hazard in the parking lot of the Lawndale Plaza shopping center, namely, installing, allowing to remain, or approving the unsafe risers of the staircase connecting the upper and lower levels of the shopping center;

    (b) failing to properly inspect, discover and remedy the defective condition which existed on, of and about the property, which Defendants knew or reasonably should have known existed prior to when Plaintiff fell;

    (c) failing to warn members of the public of the dangerous conditions; and

    (d) allowing a dangerous and hazardous condition to exist on, of and/or about the subject premises.

22. At all times mentioned herein, Plaintiff acted with due care and was not contributorily or comparatively negligent.

23. As a result of the aforementioned accident and injuries, Plaintiff suffered serious, painful, permanent, and disabling injuries.

24. As a result of the aforementioned incident and resulting injuries, Plaintiff has been caused to expend various sums of money for medicine and medical attention for treatment and/or cure of these injuries and to have essential services performed during the duration of the physical impairment, to her financial detriment and loss and expects to pay additional sums of money for medicine and medical attention in the future.

25. As a result of the accident and injuries referred to above, Plaintiff has in the past and will in the future suffer significant pain and suffering, emotional and psychological pain and suffering, and a loss of life's pleasures.

26. As a further result of the accident and resulting injuries, Plaintiff was prevented from attending to her usual and customary duties and activities.

**WHEREFORE**, Plaintiff Sabrina Asquith demands judgment in her favor and against Defendants in an amount in excess of $75,000.00, exclusive of interest and costs.

**WHITE AND WILLIAMS LLP**

By: _/s/ Daniel J. O'Brien_

Daniel J. O'Brien, Esquire
Russell P. Lieberman, Esquire
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7168
*Attorneys for Plaintiff*
*Sabrina Asquith*

Dated: May 6, 2022

27540712v.1